The next case today is Fatima Mojtabai v. Zahri Mojtabai et al. Appeal number 20-1591. Attorney Cahalan, please reintroduce yourself for the record. Good afternoon, Your Honors. Philip Cahalan for the Plaintiff Appellant of Fatima Mojtabai. Your Honors, I think this case is actually a fairly simple case. The count to is a claim by Fatima to discharge a $400,000 mortgage on a property in Massachusetts. There is no question that the courts in Massachusetts, the Federal District Court of Massachusetts, has jurisdiction to discharge a mortgage. They have personal jurisdiction over the mortgages. The mortgages are her two sisters, who are the administrators of their mother's estate. Fatima had given the mortgage to her mother to secure an agreement, which by its terms, terminated upon the mother's death. Actually, the mortgage was supposed to have language in it that allowed for an automatic discharge upon the mother's death, but it wasn't in the mortgage. The sisters, as administrators of the estate and the holders of that mortgage, have to issue the discharge. There's no question they were obligated to do that under Massachusetts law. In fact, I think everyone is in agreement that it should be discharged. They just won't do it. So the only issue on that count, for jurisdictional purposes in the Federal District Court, is whether the $400,000 mortgage meets the amount in controversy. I submit that it does. The rules for establishing the amount in controversy under 28 U.S.C. 1332 are intended to be fairly simplified so that litigants in the courts don't have to grapple with deep dives into issues of value. They look at the face value of the mortgage. That is the value of the amount in controversy. You could make the argument that that's the value to the underlying agreement. It's an unusual agreement that wasn't a loan. It was cash that was given to Fatima, $400,000 in cash, an agreement to pay the expenses for the property. But that's the value that the parties assigned to it. However you look at it... Just on that point, since you say it's not a loan, and since she says that the damages are $15,000 from not having it discharged, why does it make sense to use the face of the loan standard for determining the value of this suit? Well, the face of the loan standard is simply a standard of simplicity. I understand that. In the typical case where there's a fight over a mortgage, we just say what the loan says. We don't have to do all the valuation of collateral and everything else like that. But I'm just saying, in this unusual case, as you put it, the remedy is discharge. There's no dispute that the condition has been satisfied. There's just a fight about the discharge. You identify the harm to your client of not having a discharge as $15,000. That's unusual to come into court saying, I'm being harmed worth $15,000, therefore the dispute is about a $400,000 amount. And it happens that the mortgage has a $400,000 face value, but is this dispute really conceivably about $400,000? Practically, why should we treat it that way? The $400,000 is an impediment to the title of her property of $400,000. She can't sell the property. She'd have to come up with $400,000, so she can't finance the property. It's an impediment to the value of her property of $400,000. Until it's discharged, which it should be discharged, the same with a loan that's been paid off, for example, that has no value and there should be a discharge, but you'd still use the face value of the loan. And the reasoning behind that, as I understand it in the case law, was that actually it was the size of the mortgage, which is a substantial impediment to the value of the property. So that's the value that should be used in terms of the amount of controversy. I don't think you can look at it and just say, well, hey listen, it's $400,000, but what is that?  It's $400,000. It's a $400,000 piece of paper and it has a real implication and an impact on this property. And so that's the argument. And that's the critical argument on the diversity jurisdiction on COW 2. COW 1, it's a pendant personal jurisdiction argument for the most part. This was a claim that the sisters, these claims are related in this respect. The sisters are saying, well, if I don't have $400,000 and so we were entitled to the rest of the property from the parents, and they ended up with all of that property by aegis of undue influence. It was a substantial amount of property. Could I ask you for a second, counsel? Yes. When you talk about pendant COW 2, which you've made your argument, that establishes jurisdiction over the sisters solely in their capacity as executors of the estate to fulfill an obligation of the decedent's estate. But COW 1 is suing them individually. How do you get jurisdiction over them individually when even under COW 2, you don't have jurisdiction over them individually? They are subject to the jurisdiction of the court and the claims are related in terms of the claims that are being made in COW 1 and 2. They both relate to the... The sisters themselves have interjected themselves into this by saying, we're not going to discharge to our obligations as administrators unless you release us personally from liability under COW 1. So they themselves have interjected themselves in this in terms of the relationship between the two claims. They were using the positions as administrators to benefit themselves personally. And the claims... Again, this was a distribution from the parents of states. They're saying, well, as I said, that you got $400,000 and we're taking the rest. So I submit that once they are within the jurisdiction of the court, even as administrators, that does subject them to the jurisdiction where the personal claims are related to the claims against them as administrators of the estate. Did you cite any authority for that? In... I don't know if I've cited it in the brief here. The... I think it's just a matter of... There was the issue having to do with the service, the nationwide service. The... Once you've got jurisdiction, you brought someone within the... Their person within the court. You've subjected them to the jurisdiction of the court. And they've been brought into this court. They've been brought in. There's jurisdiction over them. And these claims are related to the claims that they... The jurisdictions asserted over them in this court. The... The... Well... Why don't you wrap up your presentation? Well, okay. So that's... So those are the claims. They... It's... There is the diversity jurisdiction. The $400,000 face value with the mortgages is the amount in controversy. And that the... And that there is a jurisdiction over the... Because it is a common nuclear suboperative pact and a personal jurisdiction over the assistance for count one. Thank you. Thank you, Mr. Cahalan. Thank you, Mr. Cahalan. Please stay on the line. Attorney Butcher, if you could please unmute and introduce yourself for the record. Good afternoon. May it please the court. Darian Butcher for the appellees. Zahra and Shabarak Majdabai. So there are three bases on which the court could affirm the orders below. The first is the lack of subject matter jurisdiction. The second is the lack of personal jurisdiction. And then the third is the lack of any supplemental jurisdiction. And based on these three things, the dismissal should be affirmed. So there's no subject matter jurisdiction because FATMA has failed to satisfy the amount in controversy requirement. As we argue in our brief, that mortgage isn't worth $400,000. In fact, it's worth $0. And there's no... How do you say it's $400,000 mortgage? If someone comes to buy the house, they would be saddled with a $400,000 obligation to your clients in addition to what they'd have to pay for the house. How do you sell a house with a $400,000 mortgage and net more than $100,000 if it's a $500,000 house? So that's a really good question, Your Honor. And I think that there are two parts to that. One is what does the record of deeds say? And then two is what can be exercised on that mortgage? So it cannot be foreclosed upon. It cannot be collected on. The parties admit that by the agreement between FATMA and her mother, Asayesh, that it should have been discharged in 2017. And so effectively, that mortgage... Well, then let me ask you another question. Why don't your clients just, instead of you setting aside time to argue for us today, just sign the discharge and deliver it to the other side? That's also a fair question, Your Honor. But it doesn't really get to the procedural issue here, which is that they haven't satisfied the amount and controversy requirement. It does get to the procedural issue on count two. I mean, on count one, because if we find that there's jurisdiction under count two, then the argument on count one is that the misconduct alleged there is related to the misconduct with respect to count two and that they're using their positions as fiduciaries to benefit themselves individually. That's the argument. So I think it is apt to know what reason do your clients have for not signing a discharge now? So, as it appears on the record, they have asked to be released in the estate matter in exchange for that discharge. And in an ordinary case, as I'm sure all of your honors are familiar with, that sort of switch is quite normal. So they would accept a discharge solely in their capacity as executors. The discharge doesn't need to be any broader than that. Is that what you're saying? That's absolutely correct. And the other point that I think it's important to note is that as successors in interest to their mother, they have the ability to discharge that mortgage, but not necessarily the obligation. I mean, if we look at what the dispute is really about, it's primarily a specific performance claim, right? They have this agreement that says something was supposed to happen at a date certain that thing did not happen for reasons that are not in the record. And now they want to execute on that agreement. It's not really actually about the property. That's sort of ancillary here. But wait, if the mother were alive, wouldn't she have to sign a discharge? Well, so she should sign the discharge. Sure. Because, well, no, if the mother were alive, the mortgage wouldn't be dischargeable. Ah, good point. Because the agreement is at her death. And so who is going to do the discharge then? It was supposed to be self-executing in the mortgage. Right. But it wasn't. So she wants to clear the title. How can she get the title cleared other than suing you and asking the court to declare, suing your clients and asking the court to declare it's discharged? So there are two ways that I can think of off the top of my head. The first would be filing with the Registry of Deeds the agreement and the certificate of death, which is a self-help option. And then the other option would be bringing suit in a jurisdiction where the court would have personal and subject matter jurisdiction over the dispute, which is not the District of Massachusetts. Do you wonder why wasn't the, do we have anything in the record that indicates why it wasn't filed with the Registry of Deeds? No, there's nothing in the record that indicates that, Your Honor. And who has to file that? Could you file it? Sure. I mean, anyone could file it. Well, is there a particular reason why your clients aren't filing it and then just end this? That's the same question that Judge Kayane asked me. Well, it's slightly different because it's not, if it's self-executing, if your position is self-executing and the condition for it to be self-executing is that somebody files it, that's a little bit different than what he was asking you whether you would discharge it. Isn't it? I think it's the question before his last question, which is, well, why won't your clients just file a discharge? And I think that gets back to the two parts. One is, they don't actually have an obligation to. And then the other is that, you know, it's part and parcel of this negotiation that they were doing with regards to the estate. Can I ask you, does the fact that the party that's bringing the suit could end the suit by filing with the Registry of Deeds on its own have any effect on our jurisdiction independent of diversity jurisdiction? I mean, how is this really a controversy if the fight is over whether the mortgage should be discharged when the person bringing the suit has the power to discharge it by filing with the Registry of Deeds the death certificate? Your Honor, I certainly don't want to make Attorney Cahalan's best arguments for him. But I would suggest that in the complaint he claims $15,000 in damages plus costs. And so, you know, that would be the basis for some court jurisdictions but not this one. But just on that point, if the $15,000 piece of this is what's the actual dispute, that affects the diversity jurisdiction point. Absolutely. If the equitable claim is effectively not really in dispute because the party that's bringing the equitable claim could moot it on their own self-help, I don't know if that affects our jurisdiction over the equitable claim which would leave us with only the damages claim which doesn't meet the $75,000 amount. I think the difficulty you might have doing that and I don't disagree with the analysis but I think the difficulty is in the way that those claims are pled. And so, if you look at count two it has the $15,000 damage amount and then it asks for the equitable relief of getting that discharge file, ordering the discharge. And then count one is that omnibus state law claims the undue influence the conversion and all of that which we haven't addressed yet in my portion of the argument. If you could partially separate count two then I think that your analysis is accurate. I'm not sure about Massachusetts but in most jurisdictions when you see you're doing a title search and you see a mortgage the next thing you look for is a discharge of the mortgage. Or a release, yes. Ordinarily we do that. So, what assurance can you give us that filing a certificate of death and a copy of the agreement would provide a same clean title search that would the discharge? Your Honor, there's nothing on the record that I can point you to to assure you of that. And there's no one's pointing us to any Massachusetts law that would say that would give as clean title as a discharge? That's true but no one has said either that that self-help remedy would not be as effective as a discharge. So, if I can proceed just to talk a little bit more about you know how the amount of controversy requirement is typically determined it's by looking at the complaint and as we've discussed it says right there it's $15,000 plus costs. Well, you know I looked at the complaint it really doesn't say that. It doesn't say my damages are $15,000. It just relates in one of the allegations that I've been damaged $15,000 because of this delay but it doesn't limit the damage claim to that $15,000 at all. So, your honor I'm in the record at page 22 in the paragraph after paragraph 76 which is the request for relief and the only amount there you know other than some unnamed reasonable attorneys fees and costs which are likely not recoverable it is that $15,000 amount. No, but item one is to discharge the mortgage. Let's take this as a proposition. Okay. All's at issue is I want to discharge of a $100,000 mortgage that we would treat that as a $100,000 claim and so someone could bring that but if if the delay in doing that also caused some other damages the person could pile on with those but he's not limited to what he piled on with you've still got the discharge issue. I understand the hypothetical but I think that when you're talking about mortgage you're thinking about mortgage in the traditional sense where there's actually a loan amount attached you can finish and so you know when we think about the the dicta and McKenna which it is dicta it is talking about these cases in which someone is seeking to invalidate a loan and the reason why you would either look to the face value of that loan or the principal balance is because there is some amount that is collectible on the basis of that loan that debt. There is no debt here there is no loan and so for for our situation it doesn't make sense to apply that rule or graph that rule onto the facts of this case because this is a mortgage that can't be foreclosed upon it you know if even even if they wanted to right they can't switch it for the property they can't pay themselves back the $400,000 by foreclosing on it there is nothing to be done to it other than you know taking some action for a formal recognition of what was effectively discharged in 2017. Could I ask a quick question was this case ever mediated? Not to my knowledge I mean it seems that and I think this is apparent in Judge Stern's order that a high degree of frustration associated with the amount of judicial resources that this family dispute is taking up and it really comes down to the discharge of a self-executing mortgage which should have been discharged I think everybody recognizes that and you know it just seems a little shocking to me that we're spending all this time on this when it should just the mortgage should just be discharged and if they continue to have something to fight about they should fight about it someplace else and I think that's what Judge Stern was saying. I take your point your honor. Thank you Ms. Butcher. Okay thank you. That concludes arguments for today. This session of the Honorable United States Court of Appeals is now recessed until the next session of the court. God save the United States of America and this honorable court. Counsel you may